IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLEY RAY ALLEN | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| GNH TRUCKING, INC. and | § | |
| THOMAS AUSTIN DELAWDER | § | |
| *Defendants* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, CHARLEY RAY ALLEN (hereinafter referred to as "PLAINTIFF"), and files this his Original Complaint complaining of GNH TRUCKING, INC. (hereinafter referred to as "GNH" or "Defendant") and THOMAS AUSTIN DELAWDER (hereinafter referred to as "Delawder" or "DEFENDANT"), and for cause of action would respectfully show unto the Court as follows:

I.

Jurisdiction and Venue

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiff is a citizen of the State of Texas. The Defendant, GNH TRUCKING, INC. is a foreign corporation, is not a citizen of Texas and its principle office is in the State of Pennsylvania. Defendant Thomas Delawder is not a citizen of Texas and is a citizen of the State of Maryland.

(2) Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

II.

Parties

(3) The Plaintiff is an individual whose address is 10805 Southern Trace Circle, Flint, Texas  75762.

(4) The Defendant,   GNH TRUCKING, INC. is  a Corporation who is based in Pennsylvania, engages or has engaged in business in the State of Texas.   This lawsuit arises out of the business done in this state and to which said Defendant is a party.  Therefore, under Section 17.044 of the Texas Civil Practice and Remedies code, substituted service on said Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P. O. Box 12079, Austin, Texas  78711-2079, and forwarded to Defendant's Registered Agent for Service, Phillip J. Holt, GNH Trucking, Inc., Route 40 East, Box 6, Markleysburg, PA  15459.   Service of said Defendant as described above can be effected by Certified Mail Return Receipt Requested.

(5) The Defendant,   THOMAS AUSTSIN DELAWDER is an individual who is a non-resident of Texas, engages or has engaged in business in the state of Texas, but does not maintain a regular place of business or a designated agent for service of process.  This lawsuit arises out of the business done in this state and to which said Defendant is a party.  Therefore, under Section 17.044 of the Texas Civil Practice and Remedies code, substituted service on said Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P. O. Box 12079, Austin, Texas  78711-2079, and forwarded to Defendant's home or home office at 14116 Fenwood Ave., Ellerslie, MD  21529.   Service of said Defendant as described above can be effected by Certified Mail Return Receipt Requested.

III.

Factual Allegations

(6) On or about July 28, 2014, Plaintiff,   CHARLEY RAY ALLEN, was traveling Northbound on S SW Loop 323 in Tyler, Smith County, Texas.  Defendant  DELAWDER was driving a tractor trailer rig traveling Southbound on Loop 323.  Defendant attempted a left turn onto Robertson Road while facing a flashing yellow light.   Defendant DELAWDER  turned in front of Plaintiff, striking Plaintiff's vehicle.  The Defendant,  DELAWDER, was driving with permission, in the course and scope of his employment with his employer, Defendant,   GNH TRUCKING, INC., a truck/tractor

owned by the Defendant, GNH TRUCKING, INC.   By striking Plaintiff's vehicle Defendant, DELAWDER caused Plaintiff to sustain personal injuries as a result of the occurrence.

(7) At all times relevant to this lawsuit, Defendant, DELAWDER, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(8) At all times relevant to this lawsuit, Defendant, GNH, was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

(9) At all times relevant to this lawsuit, Defendant, GNH, was a "motor carrier" as defined by 49 U.S.C. §13102(14).

(10) At all times relevant to this lawsuit, Defendant, GNH, was an "employer" as defined by 49 C.F.R. §390.5.

(11) At all times relevant to this lawsuit, Defendant, DELAWDER, was an "employee" of Defendant, GNH, as per 49 C.F.R. §390.5.

(12) Further, at the time the accident made the basis of this lawsuit and at all times material hereto, Defendant, DELAWDER, was an employee of Defendant, GNH, and operating a commercial motor vehicle on behalf of Defendant, GNH, under and by the authority of Defendant, GNH, pursuant to Defendant,GNH'S, Federal DOT Number  00515908.

IV.

Cause of Action:  Defendant  DELAWDER

(13) Plaintiff incorporates by reference paragraphs 1 through 12 above.

(14) Plaintiff alleges that Defendant, DELAWDER, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in questions.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendant:

a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;

b. In failing to timely and properly apply his brakes as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

c. In failing to maintain a safe distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

d. In failing to watch out for traffic in front of Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

e. In failing to yield the right of way to Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

f. In violating Texas Transportation Code Sec. 545.060(a), which provides, "an operator on a roadway divided into two or more clearly marked lanes for traffic:  1.  Shall drive as nearly as practical entirely within a single lane; and 2. May not move from the lane unless that movement can be made safely, " which constituted negligence.

g. In violating Texas Transportation Code Sec.  545.103, which provides, "an operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or more right or left on a roadway unless movement can be made safely," which constituted negligence.

h. In violating Texas Transportation Code Sec.  545.152, which provides, "to turn left into an intersection or into an alley or private road or driveway, an operator shall yield the right of way to a vehicle that is approaching from the opposite direction and that is the intersection or in such proximity to the intersection as to be an immediate hazard," which constituted negligence.

i. In violating Texas Transportation Code Sec. 545.151(a), which provides, "an operator approaching an intersection:  (1) shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign," which constituted negligence.

j. Defendant was negligent in other respects.

(15) Defendant, DELAWDER'S acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se.  In this regard, Defendant, DELAWDER, violated the standards of conduct set forth in Tex. Trans. Code 545.351(a) and (b), and 49 C.F.R. §392.2.

V.

Cause of Action:  Defendant   GNH

(16) Plaintiff incorporates by reference paragraphs 1 through 15 above.

(17) Plaintiff would further show that at the time of the accident made the basis of this lawsuit, Defendant, DELAWDER, was an employee of Defendant, GNH, and acting within the course and scope of her employment for Defendant GNH, and in the furtherance of the business interest and pursuits of said Defendant.  In this regard, Plaintiff hereby invokes the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of Defendant, DELAWDER, is imputed to Defendant, GNH, and Defendant, GNH, is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(18) Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, DELAWDER, was, and is considered a statutory employee of Defendant, GNH, pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, SMART, is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

(19) Plaintiffs would further show that prior to the time the collision occurred, Defendant, GNH, was the owner and was in possession, custody and control of the truck tractor driven by Defendant, DELAWDER, on the date of the accident made the basis of this lawsuit.  On or about July 28, 2014, Defendant, GNH, directed Defendant, DELAWDER, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, Defendant, DELAWDER, operated said vehicle with the knowledge, consent and permission of Defendant, GNH.

(20) Plaintiff would further show that Defendant,  GNH, was the owner of the vehicle that was being driven by Defendant,  DELAWDER, at the time of the accident made the basis of this lawsuit.  Defendant,  GNH, was negligent in entrusting the vehicle to Defendant,  SHARIF, who was a careless, incompetent and reckless driver.  Defendant,  GNH, knew or should have known that Defendant,  DELAWDER, was a careless, incompetent and reckless driver.  Defendant,  GNH, was negligent in entrusting the vehicle to its employee, Defendant,  DELAWDER, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

(21) Plaintiff further alleges that Defendant,  GNH, through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, GNH:

   a. In hiring and/or retaining its employee driver;
   b. In allowing its employee to drive the vehicle in question; and
   c. In failing to instruct, supervise, and control its employee driver.

(22) Plaintiff further alleges that Defendant,  GNH, by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff.  Plaintiff further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless,

proceeded with conscious indifference to the rights, safety and welfare of Plaintiff.  In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

VI.

Damages

(23) Plaintiff   CHARLEY RAY ALLEN'S damages include past, and probable future loss, which includes:
   a. Pain and mental anguish;
   b. Physical and mental impairment
   c. Disfigurement;
   d. Loss of Wages;
   e. Loss of Wage Earning Capacity; and
   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(24) Plaintiff respectfully requests a trial by jury on all issues.

(25) Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Dated February 26 , 2015.

Respectfully submitted,

Negem & Worthington
440 South Vine Ave.
Tyler, Texas  75702
903.595.4466 (telephone)
903.593.3266 (facsimile)

s/Joe Worthington
Joe M. Worthington
State Bar No. 22009950
Jimmy M. Negem
State Bar No.  14865500
ATTORNEYS FOR PLAINTIFF